### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**FREDDY FERNANDEZ-BRETH**                                    **PETITIONER**

**V.**                                    **CIVIL ACTION NO. 3:25-cv-281-CWR-LGI**

**WARDEN B. WINGFILED**                                    **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Fenandez-Breth filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi.  Seeking an early release, Petitioner challenges the Bureau of Prison's ("BOP") failure to apply the appropriate credits to his sentence under the First Step Act of 2018.  Respondent, advising that the requested relief has since been granted, moves to dismiss the petition as moot on the grounds that Petitioner was released and transferred into ICE custody on September 4, 2025.  Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for the reasons below.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494. U.S. 472, 477 (1990) (citation omitted).  While it is indisputable that Petitioner satisfied the jurisdictional "in custody" requirement at the time of filing, "[i]n order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020).   A case

becomes moot if it no longer presents a case or controversy for which relief can be granted. *Herndon v. Upton*, No. 19-11156, 2021 WL 116535 (5th Cir. Jan. 13, 2021). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

Respondent has submitted BOP records showing that Petitioner received the requested FSA credits, resulting in his subsequent release and transfer into ICE custody on September 4, 2025. Given this evidence, this case no longer presents a live case or controversy. The undersigned, therefore, recommends that the motion to dismiss the petition be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds

of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 27, 2026.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE